## State Officers' Retirement.

METZGER, Dep. Att'y-Gen., Dec. 27, 1928.—This department is in receipt of your letter of Dec. 19th, in which you ask to be advised whether elective State officers and appointive State officers, commissioned for a definite term, may, when their terms of office expire, be considered as having "discontinued from service, not voluntarily," within the meaning of section 11, paragraph 3 *(b)*, of the State Employees' Retirement Act of June 27, 1923, P. L. 858, which provides:

"3. Should a member be discontinued from service, not voluntarily, after having completed ten years of total service, he shall be paid as he may elect as follows:

·   ·   ·   ·.   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"*(b)* An annuity of equivalent actuarial value to his accumulated contributions, and, in addition, a State annuity, beginning immediately, having a value equal to the present value of a State annuity, beginning at the retirement age, of one one-hundred-sixtieth (1/160) or one one-hundredth (1/100) of his final salary multiplied by the number of years of prior service, plus one one-hundred-sixtieth (1/160) or one one-hundredth (1/100) of his final salary multiplied by the number of his years of service as a member."

Let us consider first the case of elective officers, by which, in this opinion, we mean the Governor, the Auditor General, the State Treasurer and the Secretary of Internal Affairs. If any doubt ever existed as to the eligibility of these officers to membership in the State Employees' Retirement Association, it was removed by the Act of April 22, 1927, P. L. 349, amending section 3 of the Retirement Act of June 27, 1923, P. L. 858.

Clearly, therefore, the four elective officers under discussion are "State employees" within the meaning of section 1, paragraph 6, of the Retirement Act. Upon first impression, the expression "discontinued from service, not voluntarily," would seem scarcely to be applicable to the case of an elective officer, especially one who cannot, under the Constitution, succeed himself. When elected, he knows that, so far as that office is concerned, his State service will be discontinued automatically at the expiration of his term. Still, the legislature also knew this when it used the words "should a member be discontinued from service, not voluntarily," to apply generally to all State employees who had joined the Retirement Association. It might have made a special classification of elective officers, but it did not. Therefore, any con-

struction of section 11, paragraph 3 *(b)*, which would ignore entirely the case of an elective officer would of necessity be inadequate.

We are then faced with a more or less simple question when we seek to determine whether an elective officer who cannot succeed himself discontinues his State service voluntarily or involuntaily when his term of office expires. It must be one or the other, and the question is which designation would seem more nearly to fit, "voluntary" or "not voluntary." The officer may be, and frequently is, a man with many years of service as a State employee before he is called upon to run for an elective office. Such a man would have very valuable vested rights by virtue of his past services as a State employee, and, if we should hold that he is to be deprived of these rights when he accepts an elective office, it might have the effect of preventing old employees with experience well qualifying them to fill such offices from running.

Can we say that a man's discontinuance from State service is voluntary when he has absolutely no volition to exercise in the matter except such as may have been involved when he consented or chose to run for an office with a definite term? In the Century Dictionary and Cyclopedia "voluntary" is defined as follows: "Proceeding from the will; done of or due to one's own accord or free choice; unconstrained by external interference, force, or influence; not compelled, prompted, or suggested by another; spontaneous; of one's or its own accord; free."

In giving effect to the language which the legislature used with the manifest intention of embracing all persons in the Retirement Association, it seems reasonable to conclude that when the term of an elective officer, who may not succeed himself, expires, his discontinuance from service must be considered as not voluntary. It is interesting to note that the New York authorities have given to the expression discontinued from service "through no fault of his own," etc., a similar interpretation.

The same reasoning applies and the same conclusion must follow in the case of an officer appointed for a definite term. He may not continue on in service of his own accord; the appointive power at the date of the expiration of such an officer's term may alone determine whether he is to be continued in his position. The conclusion would be otherwise, of course, if such appointive officer should choose to tender his resignation at the end of his term or prior thereto. That action, however, formally taken would be evidence of a voluntary discontinuance.

There is also, we believe, a difference in the case of the elective officer who may succeed himself and the one who may not. If the former runs again for office and is defeated, his discontinuance from State service is, of course, involuntary. If he declines or fails to run again, his discontinuance from service would be voluntary.

You are, therefore, advised:

1. That elective State officers who may not succeed themselves discontinue their State service not voluntarily when their terms expire.

2. That when elective officers who may succeed themselves run again and are defeated, their discontinuance from State service is not voluntary; that when they fail to run again, their discontinuance from State service is voluntary.

3. That when appointive State officers are not reappointed, their discontinuance from State service is not voluntary.

4. When appointive officers resign, their discontinuance from State service is voluntary.

From C. P. Addams, Harrisburg, Pa.